J-S15039-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| NATHANIEL K. GRIFFIN JR. | : | |
| | : | |
| Appellant | : | No. 1247 WDA 2020 |

Appeal from the Judgment of Sentence Entered June 22, 2020
In the Court of Common Pleas of Washington County
Criminal Division at No(s):  CP-63-CR-0001630-2018

BEFORE:   LAZARUS, J., MURRAY, J., and COLINS, J.*

MEMORANDUM BY COLINS, J.:                    **FILED: JULY 13, 2021**

Nathaniel K. Griffin, Jr., appeals from the judgment of sentence entered in the Court of Common Pleas of Washington County and imposed after a jury found him guilty of aggravated assault, strangulation, and unlawful restraint. For these offenses, Griffin was sentenced to an aggregate term of eight to sixteen years of imprisonment, to be thereafter followed by one year of reentry supervision. On appeal, Griffin chiefly challenges both the sufficiency and the weight of the evidence used to convict him. As we see no merit to his first claim and find waiver as to his second, we affirm his judgment of sentence.

In summary, Griffin and the victim were familiar with one another as Waffle House coworkers. After the victim confided in Griffin via text messages

_____

* Retired Senior Judge assigned to the Superior Court.

that a friend owed her money, Griffin responded by indicating he could obtain that monetary amount. A short time after this back and forth, Griffin appeared unannounced in the middle of the night at the victim's apartment.

While at the victim's apartment, Griffin attempted to make several calls to obtain the owed money. Following the passage of some amount of time and without having received the money, the victim indicated that she wanted to go to bed. She then attempted to remove Griffin from her residence, but was met with him grabbing her throat with both hands. Griffin continued choking the victim to the point of unconsciousness while concurrently moving her to her bedroom. The victim recalled being unable to move or defend herself throughout this interaction.

Upon regaining her consciousness, the victim described Griffin as having raped her. Griffin also threatened to inflict further harm if she attempted to move from her position in the bedroom. At some point, the victim tried to exit her apartment while Griffin was in the kitchen. However, Griffin caught up to her and dragged her back up the stairs to where they had been previously. Griffin then wrapped an extension cord around her throat and placed her back in the bedroom. Griffin proceeded to again have nonconsensual sex with the victim multiple times. Griffin then left the victim's apartment, and after his departure, the victim, appearing visibly disheveled, distraught, and bruised, made her way to her brother's nearby residence, which then resulted in a phone call to the police. Upon the police's arrival, the victim identified Griffin as the perpetrator of her ordeal. Laboratory testing would later confirm that

Griffin's DNA profile was found in sperm samples recovered from a towel left in the apartment as well as vaginal swabs used on the victim.

Ultimately, although he was charged with, *inter alia*, rape by forcible compulsion, rape of an unconscious victim, and involuntary deviate sexual intercourse by forcible compulsion, the jury found him not guilty of those offenses. Instead, as indicated above, he was exclusively found guilty of aggravated assault, strangulation, and unlawful restraint.

Following those guilty verdicts, Griffin timely filed a post-sentence motion, requesting either acquittal or a new trial. After that motion was denied, Griffin timely filed a notice of appeal to this Court. Both he and the trial court have complied with their respective obligations under Pa.R.A.P. 1925.

While Griffin raises three discrete issues for our consideration, his first issue, claiming that the trial court erroneously denied his post-sentence motion, appears to be materially indistinguishable from his latter two claims. Therefore, we only will address his second and third assertions. Griffin avers: 1) the Commonwealth presented insufficient evidence to support Griffin's conviction at all three counts; or, conversely, 2) the weight of the evidence compels reversal of his guilty verdicts. **See** Appellant's Brief, at 4-5.

Preliminarily, we note at least one glaring deficiency with Griffin's brief: it violates Pa.R.A.P. 2119 insofar as it only has one omnibus argument section without any further headings or demarcations between his issues. **See** Pa.R.A.P. 2119(a) (indicating that "[t]he argument shall be divided into as

many parts as there are questions to be argued; and shall have at the head of each part … the particular point treated therein[.]"). In fact, the entire argument section spans what would appear to be fewer than two pages in length, contains no record citations, and includes one case citation. **See** Appellant's Brief, at 6-8. Griffin has also failed to include a copy of his Pa.R.A.P. 1925(b) statement as well as a copy of the trial court's Pa.R.A.P. 1925(a) opinion. **See** Pa.R.A.P. 2111.

Griffin's insufficiencies largely prevent this Court from conducting meaningful review. However, as best can be gleaned from his brief, Griffin describes that at trial, the victim identified the nonconsensual and physically harmful nature of their sexual encounter whereas Griffin asserted the entire incident was consensual and lacking in unreasonable physicality. Griffin then states that because the jury found him not guilty of the sex-related counts, it "essentially agreed with [his] version of events." Appellant's Brief, at 7. Griffin suggests that the aggregate jury verdict implies that "no strangulation occurred during a sexual act," and that it "strains logic as to how the [j]ury found [Griffin] guilty of [a]ggravated [a]ssault, [s]trangulation, or [u]nlawful [r]estraint when no facts that would meet the elements of those charges [were] ever put into evidence[.]" **Id**. Griffin concludes by proclaiming that "there was insufficient evidence to find every element of the crime beyond a reasonable doubt." **Id**., at 8.

The well-settled standard of review for a claim challenging the sufficiency of the evidence requires this Court to consider

whether[,] viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder[,] unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the finder of fact[,] while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Melvin*, 103 A.3d 1, 39-40 (Pa. Super. 2014) (citation omitted).

Construing his brief as liberally as possible, we note that Griffin has failed to: 1) enumerate the elements of the crimes in which he is contesting their evidentiary sufficiency; 2) cite with any kind of particularity which specific element or elements of those crimes are being challenged; and 3) reinforce his argument by way of any sort of record, statutory, or case citation. While there may be some components of his argument that could be worth further discussion had they been explored to any nonconclusory degree, because of his deficient brief and the ambiguous nature of his challenge, we have no basis to delve into any lengthy adjudication of the elements of his offenses.

However, even assuming Griffin has appropriately challenged the sufficiency of the evidence used to convict him at any one of his crimes, we would still find that he is due no relief. Through our independent review of the record, the evidence used to convict him, being both testimonial and medical in nature, was sufficient for a finding of guilt beyond a reasonable doubt. While, seemingly, Griffin asks this Court to reweigh the credibility of the witnesses, namely that of the victim's in order to elevate his own testimony, such a determination is exclusively within the province of the factfinder. As the trial court opinion dated January 19, 2021, properly and comprehensively discusses the elements of Griffin's crimes and individually disposes of any contention, by way of record citations, that the evidence was somehow insufficient to convict him, we adopt its conclusions as our own. **See** Trial Court Opinion, 1/19/21, at 12-16. As such, Griffin's sufficiency claim fails.

As to Griffin's weight of the evidence assertion, even through the most generous reading of his argument section, we fail to find even one sentence that could be construed as relevant to this question. Likewise, Griffin provides no standard of review for this type of challenge, nor does he even use the words "weight" or "weigh" more than one time. **See** Appellant's Brief, at 5 (demonstrating Griffin's single usage of the word "Weight," contained within in his "Statement of Questions Involved").

"It is Appellant's obligation to sufficiently develop arguments in his brief by applying the relevant law to the facts of the case, persuade this Court that

there were errors below, and convince us relief is due because of those errors. If an appellant does not do so, we may find the argument waived." *Commonwealth v. Gibbs*, 981 A.2d 274, 284 (Pa. Super. 2009), *see also Commonwealth v. Walter*, 966 A.2d 560, 566 (Pa. 2009) (allowing a finding of waiver if an appellant fails to develop a claim "in any meaningful fashion capable of review"). As Griffin's brief contains no discussion whatsoever on his weight of the evidence assertion, we find it waived.

Accordingly, in finding no merit to his former claim and waiver as to his latter one, we affirm his judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 07/13/2021

- 7 -